**In re the Marriage of Marvin W. WILTSEY, petitioner, Appellant,**

v.

**Elinor M. WILTSEY, Respondent.**

**No. C6–84–318.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Steven A. Hanson, Gustafson, Hanson & Krueger, Ltd., Brainerd, for appellant.

William K. Goodrich, Randall, Dehn & Goodrich, Anoka, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

Marvin Wiltsey appeals from a dissolution judgment and decree that grants Elinor Wiltsey $500 per month in maintenance for 12 months and $5,000 as a property settlement. We affirm.

## FACTS

The parties were married in December 1979. At the time of the marriage appellant was 59 years old and respondent was 51 years old. He was already retired; she quit her job as a receptionist for Anoka County Social Services, which she had held for about 5 years, and moved to Cross Lake to live with appellant in his home. She had no prior work experience outside the home.

Three days before they married the parties executed an antenuptial agreement that essentially listed their separate property and provided that they would not inherit certain property from each other and would retain their separate property in the event of divorce. The agreement did not address the issues of spousal maintenance or division of marital property.

During the marriage the parties lived entirely on appellant's income from Social Security, VA disability benefits, a pension, and interest from stocks and savings certificates. Respondent did not work outside the home. Appellant sold or gave away most of his furniture because she moved hers into their home. They acquired little personal property and no real property during the marriage. Respondent helped appellant remodel his home, which increased about $6,000 in value as a result.

Since they separated in January 1983 respondent has actively sought employment but has been unable to obtain a job. She has applied and been rejected for at least 19 clerical positions with the county and other private employers. She had earned about $300 total at the time of trial by working as a housekeeper and seamstress.

After a trial the court awarded each of them the nonmarital property itemized in the antenuptial agreement. In addition respondent received $500 per month in maintenance for 12 months based on a finding that she had the ability to find employment but needed assistance because she had been out of the job market for four years. She also received $5,000 as a property settlement.

## ISSUE

Did the trial court abuse its discretion in awarding respondent temporary maintenance and $5,000 as a property settlement?

## ANALYSIS

■ In dissolution cases the trial court is accorded broad discretion with respect to the division of property and allowance of maintenance. There must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the trial court abused its discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984); *see also Servin v. Servin,* 345 N.W.2d 754, 758 (Minn.1984) (the trial court's decision must be affirmed if it has an acceptable basis in fact and principle).

Appellant contends respondent is not entitled to maintenance on the theory that because she has all the property and all the employment skills she had before the marriage, she needed no rehabilitation in order to find a job.

Minn.Stat. § 518.552, subd. 1 (1982) requires findings that the spouse seeking maintenance (1) lacks sufficient property to provide for reasonable needs and (2) is unable to adequately support himself or herself through appropriate employment. Respondent has an encumbered home, house-hold furnishings, about $4,000 in savings, and a 1977 Chevrolet. She is an unemployed 56-year-old woman with limited clerical skills and 5 years of work experience. She has no health insurance. The trial court's finding that she was entitled to maintenance is supported by the record.

■ The factors to be considered in determining the amount of maintenance include inability to independently meet current needs, the standard of living established during the marriage, the financial ability of the paying spouse, the length of the marriage, and the physical and emotional condition of the spouse seeking maintenance. Minn.Stat. 518.552, subd. 2. Although the statute lists these factors, the basic issue is the financial needs of the spouse receiving maintenance and the ability to meet those needs balanced against the financial condition of the spouse providing maintenance. *Krick v. Krick,* 349 N.W.2d 350, 352 (Minn.Ct.App.1984) (citing *Erlandson v. Erlandson,* 318 N.W.2d 36, 39–40 (Minn.1982)).

■ The record shows that appellant's monthly income is $1,132 and his expenses are about $500 per month. He also has substantial nonmarital property, including a homestead with no encumbrances, about $30,000 invested in Treasury certificates and Money Market accounts, and life insurance with a cash value of about $37,000. Respondent estimates her monthly expenses at about $1,000, and she has virtually no income. The trial court's decision to award her $500 per month for 12 months was not an abuse of discretion.

Appellant also contends there was no basis for awarding respondent $5,000 in cash as a property settlement. The record shows that appellant was awarded personal property valued at $994; respondent was awarded personal property valued at $1,396. The only other marital asset was the increase in value of his home by $6,000 because of their joint remodeling efforts. The court could have decided that she was equitably entitled to $5,000 of that sum. *See* Minn.Stat. § 518.58 (1982) (the court must make a just and equitable disposition

of marital property, based on all relevant factors including age, income, and employability).

Even assuming the $5,000 was partly nonmarital property, the award could be sustained on the ground that respondent's liquid resources were so inadequate as to work an unfair hardship. *See* Minn.Stat. § 518.58 (1982). She testified that she had spent half of her savings supporting herself during the 10-month separation. She has made determined but unsuccessful efforts to find a job. The trial court's award, whether it was based on marital or nonmarital property, was not a clear abuse of discretion.

### DECISION

Affirmed.