**In re the Marriage of Gary Charles HEIN, Petitioner, Appellant,**

v.

**LaVonne Marie HEIN, Respondent.**

**No. C5-84-1685.**

Court of Appeals of Minnesota.

April 23, 1985.

Ann J. McGee, Castor, Ditzler & Klukas, Minneapolis, for appellant.

Joan H. Lucas, Robert Latz, P.A., Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

## OPINION

CRIPPEN, Judge.

This is an appeal from a judgment and decree dissolving the marriage of the parties. Both dispute the trial court's property distribution, child custody order, spousal maintenance order, and award of attorney fees. Except on issues of attorney fees and valuation of respondent's pension asset, we affirm.

## FACTS

The parties were married in 1970. Respondent LaVonne Hein had two minor children from a prior marriage: Kent Edward Hein, born July 10, 1967 and Kelie Jean Hein, born May 4, 1969. Gary Hein legally adopted the children.

Appellant is 38 years old and has been a police officer with the Minneapolis Police Department for 14 years. He earns a net monthly income of $1,599.72. He also has a deferred compensation account through his employment, with a present value of $8,427. In addition, he is entitled to receive a pension upon his retirement from the police force.

Calculation of the present value of the pension depends upon the age at which appellant retires, a matter of speculation at this point. Gary Hein testified he is "going to have to" work until the mandatory retirement age of 70. Respondent's expert witness stated the average retirement age of Minneapolis police officers is 56. The trial court found age 65 to be a "reasonable projected retirement age". The present value of appellant's pension based on each of the three retirement ages is:

| | |
|---|---|
| Age 70 | $11,417 |
| Age 65 | $19,760 |
| Age 56 | $42,557 |

During the parties' marriage, respondent, age 37, was a homemaker. In March, 1984, she began full-time work as an account clerk, earning $784.50 net income per month. LaVonne Hein has attended North Hennepin Community College and testified she wants to continue her education. She could obtain a degree in 4 to 5 years attending part-time or 3 years going full-time.

The trial court granted custody of Kent to LaVonne Hein and Kelie to appellant. The court ordered appellant to pay $243.10 per month child support, calculated by subtracting what respondent should pay for Kelie's care from the amount Gary Hein should pay for support of Kent. In addition, the trial court ordered appellant to pay spousal maintenance of $300 per month for three years.

The trial court found the parties owned the following marital assets and liabilities (excluding tangible personal property which was distributed by stipulation):

| | | |
|---|---|---|
| Homestead | | |
| (fair market value) | $119,000.00 | |
| 1st mortgage | ($32,458.00) | |
| 2nd mortgage | ($11,840.00) | |
| | | $74,702.00 |
| Cabin | | |
| (fair market value) | $ 45,000.00 | |
| Contract for Deed | ($14,773.00) | |
| Taxes due | ($ 450.00) | |
| | | $29,777.00 |
| Appellant's Deferred Compensation | $ 8,427.00 | |

| | | |
|---|---|---|
| Appellant's Pension (Present Value using age 65) | $ 19,760.00 | |
| | | $28,187.00 |
| Other joint debts: | | |
| Norwest Bank Maple Grove (reduced to judgment) | ($ 774.62) | |
| Minnesota Housing Finance Agency | ($ 1,846.59) | |
| | | ($ 2,621.21) |
| Total | | $130,044.79 |

Gary Hein was awarded the following non-marital property:

| | |
|---|---|
| Stocks inherited from his father's estate | $ 7,648.75 |
| Inheritance from estate of Elsie Mayer | $ 2,915.00 |
| | $10,563.75 |

In the early 1970s Gary Hein received an inheritance from his father's estate; he applied $21,000 toward the purchase of the parties' first homestead. Those funds can be traced to the present homestead and appreciated. The trial court divided the equity in the homestead equally.

The trial court ordered all marital properties sold and all marital debts paid with the proceeds. The remainder was to be divided equally between the parties.

Appellant was ordered to pay $3,000 toward LaVonne Hein's attorney fees.

### ISSUES

Was it error to:

1. Divide the equity in the homestead equally between the parties?

2. Use age 65 to determine the present value of appellant's pension?

3. Award respondent $300 per month in spousal maintenance for 3 years?

4. Deny appellant credit for amounts he contributed to prevent foreclosure of the parties' homestead during their separation?

5. Award custody of the parties' teenage daughter to appellant?

6. Award respondent $3,000 in attorney fees?

## ANALYSIS

### 1.

Appellant contends the trial court erred by dividing the equity in the homestead equally although $21,000 of the equity is traceable to an inheritance from his father's estate and is thus non-marital property.

The trial court has broad discretion regarding the division of property in marriage dissolutions and will be reversed only for a clear abuse of discretion. *Dammann v. Dammann*, 351 N.W.2d 651, 652 (Minn. App.1984) (citing *Bogen v. Bogen*, 261 N.W.2d 606 (Minn.1977).

Minn.Stat. §§ 518.54, subd. 5(a) and (c) (1982) provide that property inherited by one spouse from a third party plus any increased value, is non-marital. "In Minnesota tracing of an asset to a non-marital source is required when the owner shows by a preponderance of evidence that the asset was 'acquired in exchange for' non-marital property." *Kottke v. Kottke*, 353 N.W.2d 633, 636 (Minn.App.1984), *pet. for rev. denied*, (Minn. Dec. 20, 1984).

The trial court acknowledged that Gary Hein's inheritance can be traced to the homestead and appreciated but found this would be inequitable here. After the inheritance was received, the parties received $28,000 in settlement of a personal injury sustained by LaVonne Hein. Although part of the settlement was for appellant's loss of consortium claim, the court presumed the bulk was attributable to his wife's injury. The personal injury award can be considered non-marital property. *See Van de Loo v. Van de Loo*, 346 N.W.2d 173 (Minn.App.1984). Thus each party received similar amounts of non-marital property during the marriage.

Thereafter, however, the inheritance was invested in the homestead while the settlement money was applied to personal property purchases for the family, e.g., a TV, a motor home, and a car. In addition, LaVonne Hein testified that the $12,000 motor home was sold shortly after its purchase and the proceeds invested in the parties' cabin. Concluding that each party made approximately equal financial contributions to the marriage, the trial court divided the homestead equity accordingly.

Although we disagree with the trial court's "financial contributions" analysis, we approve the result. Minn.Stat. § 518.58 (1982) provides:

> If the court finds that either spouse's resources or property * * * are so inadequate as to work an unfair hardship, *considering all relevant circumstances*, the court may, in addition to the marital property, apportion up to one-half of the property otherwise excluded under section 518.54, clauses (a) to (d) to prevent * * * unfair hardship.

(Emphasis added.)

The major difference between the non-marital property received by the parties was that appellant's was invested in a readily traceable asset while respondent's was not. On this basis, appellant argues he should receive all of his non-marital property while respondent should receive none. We disagree and hold that the serious inequity which would result because of tracing is a relevant circumstance to be considered in determining unfair hardship.

Although the trial court did not make a specific finding of unfair hardship, *see* Minn.Stat. § 518.58, the facts of this case support such a finding. *See Van de Loo* at 177 and *Faus v. Faus*, 319 N.W.2d 408, 412–413 (Minn.1982). Thus, the trial court did not err in dividing the equity in the parties' homestead equally.

### 2.

The valuation and division of pension rights is generally a matter for the trial court's discretion.

*Taylor v. Taylor*, 329 N.W.2d 795, 798 (Minn.1983). Here, the parties agreed to use the "present cash value method," whereby the employee spouse is awarded the pension and the non-employee spouse is assigned assets of a value equal to a portion of the present value of the benefits.

*DuBois v. DuBois*, 335 N.W.2d 503, 505 (Minn.1983).

Calculation of the present value of appellant's pension depends on his age at retirement, a fact not presently known; hence the trial court had to determine a retirement age on which to base the valuation. The court chose age 65, stating only that it was a "reasonable projected retirement age."

Precision is not required of the trial court in the valuation of assets in a dissolution proceeding; it is only necessary that the value arrived at lies within a reasonable range of figures. *Johnson v. Johnson*, 277 N.W.2d 208, 211 (Minn.1979); *Balogh v. Balogh*, 356 N.W.2d 307, 313 (Minn.App.1984). However, exercise of the trial court's discretion "is not unlimited and should be supported by either clear documentary or testimonial evidence or by comprehensive findings issued by the court." *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764, 766 (Minn.1983).

In this case, the trial court chose an age in-between the ages proposed by the parties and supported by the evidence, without explaining how it determined at the figure or why it was "reasonable." Thus its decision to base the present value of appellant's pension on a retirement age of 65 appears arbitrary. *See Balogh* at 313. Therefore, we reverse and remand to the trial court for an explanation of why it chose age 65 or for further proceedings consistent with this opinion. *See id.* and *Rogers v. Rogers*, 296 N.W.2d 849, 853 (Minn.1980).

**3.**

The trial court awarded respondent spousal maintenance of $300 per month for 3 years, reasoning that with such maintenance she "will be able to accelerate completion of her education and increase her earning capacity." Gary Hein contends respondent does not need maintenance because she has ample property and employment to meet her needs. LaVonne Hein argues that the length of time for payment of maintenance should be increased to five years because it will take her that long to complete her education.

The trial court is accorded broad discretion with respect to spousal maintenance and "[t]here must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the trial court abused its discretion." *Wiltsey v. Wiltsey*, 357 N.W.2d 400, 402 (Minn.App.1984) (citing *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

"The propriety of an award of maintenance to provide for [a spouse's] reasonable needs while she obtains employment skills and enters the labor market is beyond dispute." *Broms v. Broms*, 353 N.W.2d 135, 138 (Minn.1984). The amount of maintenance and the length of time it should be given, "shall be * * * as the court deems just." Minn.Stat. § 518.552, subd. 2. The trial court reasonably anticipated that LaVonne Hein would complete her degree sooner if funds were provided so she could reduce the number of hours she had to work. This award was not an abuse of discretion.

**4.**

During pendency of the dissolution proceeding, respondent was given exclusive use of the parties' homestead. She failed to pay the monthly mortgage payments or the homestead property taxes. Foreclosure notices were sent to the parties before trial. During trial both agreed to contribute one-half of the amount needed to prevent foreclosure. The trial court denied appellant's request for reimbursement of his contribution. We affirm.

Although respondent had exclusive possession of the homestead, she was not under court order to bear sole financial responsibility for the payments. In addition, a family court referee found the temporary maintenance insufficient to cover all of LaVonne Hein's expenses. Furthermore, appellant was behind in maintenance payments. Thus, the trial court did not err.

 

### 5.

A child custody decision will not be set aside absent a clear abuse of the trial court's discretion. *See e.g. Kotila v. Kotila,* 351 N.W.2d 661, 662 (Minn.App.1984); *Peterson v. Peterson,* 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976).

At trial, both parties told the court they understood and agreed that LaVonne Hein would obtain custody of Kent, and Gary Hein would have custody of Kelie.

In a post-trial motion for a new trial, respondent claimed she entered into the custody stipulation without being advised of the difficult burden she would bear under Minn.Stat. § 518.18 (1982) in attempting to modify the custody order. The motion was denied.

■ LaVonne raises a telling issue regarding the need for a full advisory as to the effect of a final order regarding child custody. However, the trial court's original custody order was not based on the parties' stipulation alone. The court's order is supported by a custody evaluation. In addition, Kelie, a teenager, asked to be placed in her father's custody. Under these circumstances the trial court's custody order was not an abuse of discretion.

### 6.

■ An allowance of attorney fees in dissolution cases will not be disturbed absent a clear abuse of discretion. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.App. 1984). Gary Hein claims the trial court abused its discretion by awarding respondent $3,000 in attorney fees.

At the time of trial respondent's attorney fees and costs were over $7,500. Appellant's fees were approximately $5,000. The trial court made an award for fees because of the "disparity of incomes." Appellant argues there is no disparity of incomes when child support and spousal maintenance are taken into consideration.

■ Given the relative equality in the parties' incomes and property, it was an abuse of discretion to award $3,000 in attorney fees. However, we agree it was reasonable to award respondent $1,000 to equalize the parties' total attorney fees. We reverse and remand to the trial court with instructions to enter judgment accordingly.

### DECISION

The trial court did not abuse its discretion by dividing the equity in the parties' homestead equally, by awarding respondent $300 per month maintenance for 3 years, by awarding appellant custody of the minor daughter, or by declining to credit appellant for sums he expended to prevent foreclosure of the homestead.

We reverse and remand for entry of judgment awarding $1,000 to respondent for attorney fees, and for review of the use of age 65 to determine the present value of appellant's pension, or for further evidentiary proceedings if necessary.

Affirmed in part, reversed in part, and remanded in part.