**In re the Marriage of Sharon Marie BURT, Petitioner, Respondent,**

v.

**Roland Royal BURT, Appellant.**

No. C8–85–1786.

Court of Appeals of Minnesota.

May 13, 1986.

Review Denied July 16, 1986.

L.D. Downing, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for respondent.

Ruth Ann McCaleb, Walters & McCaleb, Rochester, for appellant.

Heard, considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Roland Burt appeals from a dissolution judgment and decree, contending the trial court abused its discretion in dividing the parties' property, in granting Sharon Burt temporary maintenance, and in awarding her $1,500 in attorney's fees. Sharon Burt filed a notice of review and contends she received insufficient property and attorney's fees. We affirm.

## FACTS

Sharon Burt, now age 33, and Roland Burt, now age 39, were married in June 1979. Each of them had custody of two children from prior marriages. Both of them brought property into the marriage. Sharon Burt had approximately $11,000, acquired from the sale of her trailer home and an inheritance. During the marriage she invested the funds in rental property in Stewartville, Minnesota. Roland Burt had accumulated equity in his homestead.

After trial in September 1984, the court granted Sharon Burt the Stewartville property, awarded Roland Burt the homestead subject to a $5,000 lien, and gave Sharon Burt $1,500 in attorney's fees. The court also granted her maintenance of $300 per month for five years and provided that after that time the maintenance issue could be reopened "upon petition showing good cause."

## ISSUES

1. Did the trial court abuse its discretion in dividing the parties' property?

2. Did the trial court abuse its discretion in awarding temporary maintenance?

3. Did the trial court abuse its discretion in awarding attorney's fees?

## I

Roland Burt has a number of specific objections to the property division.

1. As calculated by the trial court, the non-marital portion of the homestead equity is $9,000; the marital portion of the equity is $3,000. Roland Burt does not dispute these findings. He contends, however, that the trial court unjustly invaded his non-marital portion by awarding Sharon Burt a $5,000 lien.

2. Roland Burt was also ordered to pay half the 1984 real estate taxes (about $780) on Sharon Burt's Stewartville home to prevent cancellation of the underlying contract for deed. During the marriage the property was used to shelter marital income. He contends it was an abuse of discretion to order him to pay taxes on her property.

3. He was awarded a Chevrolet pickup with a value of $3,625; she was awarded a Plymouth station wagon with a value of $1,900. His mother gave them the money for both vehicles, but testified that while the money for the pickup was a gift to her son, the money for the station wagon was a loan. Sharon Burt testified the station wagon was a gift to them both. The trial court did not allocate the loan as a debt, impliedly finding the station wagon was a gift to them both.

4. The parties received an income tax refund of $2,200 for 1983. Sharon Burt used most of the proceeds for living expenses and attorney's fees. The trial court did not credit Roland Burt for any portion of the tax refund.

5. In addition, Roland Burt contends he should have received a heater Sharon Burt removed from the homestead.

Minn.Stat. § 518.58 (1984) requires the trial court to make a just and equitable division of property. The trial court has broad discretion in dividing property and its decision will not be reversed on appeal except for a clear abuse of discretion. *See Bogen v. Bogen*, 261 N.W.2d 606, 609 (Minn.1977). In addition, the trial court may award up to half of one party's non-marital property to the other on the basis of unfair hardship. If the court apportions property other than marital property, it shall make findings, based "on all relevant factors," which support the apportionment. *See* Minn.Stat. § 518.58; *Wiltsey v. Wiltsey*, 357 N.W.2d 400, 403 (Minn.Ct.App. 1984).

The trial court made specific findings on each party's age, health, occupation, skills, employability, needs, and income. Neither party has demonstrated that the trial court abused its discretion. Sharon Burt received a $5,000 lien, a station wagon, and miscellaneous personal property. Roland Burt received a homestead with $7,000 in equity, after subtracting her lien; a truck; and miscellaneous personal property. The overall property division is equitable.

## II

Roland Burt contends the trial court abused its discretion in ordering him to pay $300 per month in maintenance for five years and in reserving maintenance after that time.

The trial court found that Sharon Burt's earning capacity had been impaired as the result of physical abuse inflicted by Roland Burt during the marriage. Roland Burt claims the allegations of abuse are unfounded and that her back problems existed long before the marriage. Her chiropractor testified that she had a 30 percent permanent disability of her spine and that she could only tolerate a job in which she could walk, sit, and stand at will. We cannot say the trial court clearly erred in finding, on the basis of conflicting testimony, that the abuse occurred and that it exacerbated her existing back pain.

Minn.Stat. § 518.552, subd. 1, authorizes the trial court to award maintenance if the spouse seeking it (1) lacks sufficient property to provide for reasonable needs and (2) is unable to adequately support herself through appropriate employment. The court is then to set the amount of maintenance, without regard to marital misconduct, by balancing the needs of the

spouse receiving maintenance against the financial condition of the spouse providing it. *See Erlandson v. Erlandson,* 318 N.W.2d 36, 39–40 (Minn.1982). The statutory prohibition against considering marital misconduct does not foreclose a judge from considering the financial needs resulting from a chronic health problem that in turn was caused by physical abuse during the marriage.

 Sharon Burt has a high-school education. She has worked clerical jobs, but never for much more than minimum wage. At the time of trial she was working part-time, earning net income of $372 per month. She was delinquent in payments on the Stewartville property, which was financed on a contract for deed that was later canceled. She has no other financial resources except for the lien on the homestead, which is not payable until Roland Burt sells the home, remarries or cohabitates,[1] or whenever his children reach the age of majority. Her earning capacity is significantly impaired as a result of her physical condition. The trial court did not abuse its discretion in deciding an award of maintenance is appropriate.

Roland Burt is a route salesman for Holsum Bakery. At the time of trial he was earning about $1,300 in net income per month. Although $300 is a substantial percentage of his net pay, his earning potential is much greater than hers. His arguments on appeal focused on her ability to work rather than his inability to pay. If the amount of maintenance becomes unfair as his children grow older and have increased needs, he is free to move for modification. At present we cannot say the trial court clearly abused its discretion in setting the amount.

 Finally, any claim concerning the propriety of continuing spousal maintenance after five years is premature. That issue was reserved by the trial court and is not before us. *See Servin v. Servin,* 345 N.W.2d 754, 758 (Minn.1984).

**1.** In *Bateman v. Bateman,* 382 N.W.2d 240, 251 (Minn.Ct.App.1986), we held that a dissolution decree that terminated spousal maintenance

### III

Both parties disagree with the trial court's decision to award Sharon Burt $1,500 in attorney's fees at trial. The court did not clearly abuse its discretion. *See Solon v. Solon,* 255 N.W.2d 395 (Minn. 1977). We decline to award attorney's fees on appeal.

### DECISION

The trial court did not abuse its discretion in deciding the issues raised on appeal.

Affirmed.

upon cohabitation was without basis in Minnesota law.