In re the Marriage of Dorothy E. KEITHAHN, Petitioner, Appellant,

v.

Lorin W. KEITHAHN, Respondent.

No. C8–86–163.

Court of Appeals of Minnesota.

Aug. 12, 1986.

---

Heard, considered, and decided by PAR-KER, P.J.. and WOZNIAK and SEDG-WICK, JJ.

## OPINION

WOZNIAK, Judge.

Dorothy Keithahn appeals from a dissolution judgment. We affirm in part and remand in part.

## FACTS

The parties were married in 1934. At the time of the dissolution, Dorothy Keithahn was 71 and Lorin Keithahn was 74. The parties jointly engaged in a farming operation throughout the marriage. Neither party is currently employed. Dorothy receives $202 per month in social security, and Lorin receives $473. Rental from the 200–acre farm brings in additional net income of $801 per month. The parties separated about one year before the dissolution. Dorothy lives in the homestead in town and Lorin rents an apartment in town for $150 per month.

## ISSUES

1. Did the trial court abuse its discretion in awarding the farm and homestead, subject to liens payable only upon sale or after the death of both parties?

2. Did the trial court err in determining that all of the debts were nonmarital debts and awarding them all to appellant?

3. Did the trial court abuse its discretion in valuing appellant's household goods?

4. Did the trial court abuse its discretion by refusing to award appellant permanent maintenance?

5. Did the trial court abuse its discretion by refusing to award appellant her attorney's fees?

James H. Manahan, Manahan & Partridge, Mankato, for appellant.

Elton A. Kuderer, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, Fairmont, for respondent.

## ANALYSIS

1. The farm was valued at $230,-000. The entire farm was awarded to Lorin, subject to a lien of $115,000 in favor of Dorothy. Dorothy was awarded one-half

the net rental income from the farm. The lien is payable within eight months after the death of the last of the parties, or within thirty days of any sale. The choice whether to sell belongs exclusively to Lorin, and it appears from the record that he has no intention of selling.

Similarly, Dorothy was awarded the homestead ($60,000 value), subject to a lien of $30,000 in favor of Lorin, payable after the death of both parties or upon sale.

Dorothy contends that the trial court abused its discretion in awarding property subject to a lien payable only after the death of both parties.

> This court, when called upon to review the exercise of trial court discretion in a case such as this, will and must affirm the decision made if it has an acceptable basis in fact and principle even though we might have made a different distribution of the problem.

*Bollenbach v. Bollenbach,* 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970) (footnote omitted).

Dorothy contends that Lorin could afford to mortgage one-half the farm or could sell off part of the farm to buy her out; or the court could give her the homestead outright, give her more of the marital cash, and then require Lorin to pay off the remaining sum over a ten-year period.

We hold that the trial court's award of the farm and homestead, subject to liens payable only upon sale (with the decision to sell vested solely in the party in possession) or after the death of both parties, does not have an acceptable basis in fact or principle. A trial court cannot divide marital property with terms which effectively prevent a party from securing the benefit of the property division.

■ 2. The trial court found a total of $31,539 debt, and determined that it was all nonmarital debt and was Dorothy's responsibility. The only reason given for this finding is that these debts were incurred after the parties' separation. Dorothy agrees that $19,970 was not a marital debt.

While the characterization of property as marital or nonmarital is a determination of law, an appellate court must defer to the trial court's findings on underlying facts such as date of acquisition. *Rosenberg v. Rosenberg,* 379 N.W.2d 580, 583 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. Feb. 19, 1986).

Dorothy asserts that $1,100 was for linoleum in the homestead which increased the value of the homestead. $1,433 was for car rental because Lorin would not release cash for her to buy a new car. $3,000 was for a loan for living expenses before Lorin was ordered to pay temporary maintenance during the separation. $3,133 was incurred before separation on a bank note. $1,773 was for medical bills during the separation although Lorin was ordered to pay the medical bills in the temporary order. Dorothy contends that the trial court abused its discretion in assigning all these debts to her.

We agree. During the separation, Lorin had control of the parties' funds. He was able to withdraw funds for his needs, while Dorothy was forced to turn to outside sources. Upon remand, we suggest the trial court take this fact into consideration in deciding whether some of these debts might more correctly be termed marital.

3. At trial, Lorin testified that his estimation of the value of Dorothy's household goods was $8,900. Dorothy testified that she purchased a stove, refrigerator, dishwasher, microwave, and dehumidifier with nonmarital inheritance. The trial court then found that the value of the marital goods was $6,900. Because Dorothy provided no other valuation of the household goods, that finding must be affirmed.

■ 4. Dorothy contends that the trial court abused its discretion in not awarding maintenance. She points to the length of the marriage and its traditional nature. She argues that she lacks sufficient property to provide for her needs and is unable to provide adequate self-support.

However, the award of no maintenance has an "acceptable basis in fact and princi-

ple." Dorothy was granted the right to live in the homestead, while Lorin pays $150 per month as rent. The trial court found both are receiving social security, neither is capable of earning income, and both must live off of farm rent and savings.

■ 5. The trial court ruled that each party should be responsible for his/her own attorney's fees.

Dorothy argues that thus far her fees are $6,748, plus $803 in costs, and that much expense was incurred in bringing motions to release funds for her benefit and to which she was entitled. She further argues that the trial court abused its discretion because she would have to liquidate substantial portions of her property award to pay her fees. However, the trial court has very limited discretion to award fees where the parties' incomes and property awards are relatively equal. *Hein v. Hein,* 366 N.W.2d 646, 651 (Minn.Ct.App.1985).

Upon remand, however, the trial court should take any action necessary to ensure that the parties are paying roughly equal amounts of fees and costs. *See id.*

Also, Dorothy alleges that Lorin used $4,500 in marital assets to pay his attorney. "The general rule is that a party cannot be permitted to benefit by depletion before trial of marital assets within his control." *Hortis v. Hortis,* 367 N.W.2d 633, 636 (Minn.Ct.App.1985). The trial court made no finding concerning this allegation, and thus we remand for a finding.

## DECISION

1. We remand for the trial court to redivide the marital assets in view of our decision in part one of this opinion and to promptly distribute the assets.

2. We remand for reconsideration of the debts awarded to appellant.

3. We affirm the valuation of the household goods.

4. We affirm the award of no maintenance.

5. We remand the issue of attorney's fees in view of our decision in part five of this opinion.

Affirmed in part and remanded in part.