In re the Marriage of Robert J. HREHA, Petitioner, Appellant,

v.

Mary Jean HREHA, n.k.a. Mary J. Wald, Respondent.

No. C7–86–235.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Lee A. Bernet, Bernet & Guy, St. Paul, for appellant.

Kathleen M. Picotte-Newman Larkin, Hoffman, Daly & Lindgren, Minneapolis, for respondent.

Heard, considered, and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Father brought a motion to modify custody, claiming a change in circumstances has occurred which endangered the physical and emotional well being of his and respondent's child. From the trial court's order denying the motion, the father appeals. We affirm.

## FACTS

Appellant Robert John Hreha and respondent Mary Jean Wald were married on July 6, 1973. After less than three months they separated and appellant began divorce proceedings. By judgment entered in April 1975, respondent was granted custody of a daughter born of the marriage. Appellant remarried and now lives with his present wife, two of her daughters from a previous marriage, and one daughter from the new marriage. Respondent moved back into two duplexes with her parents, her grandmother and her sister, and has recently remarried.

Some time in late 1983 or early 1984 respondent had a hysterectomy. She became depressed and in June 1984 she slashed her wrists and called the emergency number 911. Appellant, who had the child visiting him at the time, kept custody of her for about one month before returning her to respondent and her family. On August 23, 1984 respondent again attempted to commit suicide by overdosing on pills.

Appellant then brought this action to seek a change in custody, alleging that respondent suffers from serious longstanding mental illness and that the daughter's physical, mental and emotional well being were adversely affected by continuing custody with respondent and her family. The court issued an order granting temporary physical custody to appellant and ordered the parties to participate in medical examinations and a custody evaluation.

At this time two psychiatrists who treated respondent had reached opposite conclusions regarding respondent's problems. Dr. William Callahan felt that respondent suffered from chronic mental illness and he expressed grave concern over her ability to parent any child considering her massive denial of mental problems. The other physician, Dr. Dennis Philander, felt that respondent suffered no disabilities which would bar her from parenting. Because of this conflict in expert opinion, the court ordered the parties to submit to an evaluation by Dr. Carl Malmquist and ordered the return of custody of the child to respondent.

Between October 2, 1985 and October 7, 1985 an evidentiary hearing was conducted. Appellant presented two reasons for a change in custody. First, he argued that respondent's unstable mental condition was detrimental to the physical and emotional

development of the child. Second, he argued that respondent lived in a family matrix which was dangerous to the emotional well being of the child.

The first of the medical experts who testified was Dr. Malmquist, the court-appointed psychiatrist. His study focused on respondent's current psychological condition. He stated that respondent's MMPI testing was within normal limits and suggested no psychological problems. He concluded that she did not exhibit any evidence of psychosis and that she was not seriously mentally ill. Dr. Malmquist also testified about respondent's family which he described as a family matrix. He stated that respondent lived next to her parents, her grandmother and her sister. He felt that although her family supports her they also handicap her by preventing her from being an independent adult. Dr. Malmquist was equivocal as to whether this situation would be detrimental to the emotional health of the child. He noted that the child had expressed a preference to live with her mother and her 13 year old half brother.

Dr. Philander concurred with Dr. Malmquist. He stated that respondent suffered a major depressive episode in the summer of 1984 but that she had recovered. He indicated that she had followed all medical orders and had begun treatment with a psychologist, Dr. Jane McNaught. Dr. Philander felt that respondent was competent to provide the primary care for the child. Dr. McNaught, who also testified, agreed with Dr. Philander's opinion that respondent was presently fit to parent her child.

Dr. Callahan disagreed with the other experts. He testified that he treated respondent after her first attempted suicide. He diagnosed her as suffering from schizophrenia and felt that she needed to continue receiving treatment or she would get sick again in the future. Dr. Callahan expressed grave concern over her ability to parent any child because of her massive denial of any mental or emotional problems. He also testified that respondent's enmeshed family was detrimental to the child's well being because the child would learn to minimize and deny the truth and to distort facts.

The trial court found that respondent appeared to have made a complete recovery from her depressive illness, that she had properly utilized therapy, and that she had followed prescribed medication. The court further found that the child's present environment does not endanger her physical or emotional health, nor did it impair her emotional development. The court then denied appellant's motion to modify child custody, and ordered appellant to pay respondent $1,000 in attorney's fees.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion to change custody?

## ANALYSIS

A court shall not modify a prior custody order unless it finds a change of circumstances has arisen since the prior order so that the best interest of the child requires modification of the custody. Minn. Stat. § 518.18(d) (1984). In the present case the court could not modify custody unless it found that the child's present environment endangers her physical or emotional health or development and that the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child. Minn. Stat. § 518.18(d)(iii). The scope of this court's review is limited to affirming unless the trial court abused its discretion. *Hein v. Hein*, 366 N.W.2d 646, 651 (Minn.Ct.App.1985).

Appellant contends that the trial court abused its discretion in finding respondent fit to continue having custody of the child. Appellant argues that respondent's severe mental illness impairs her ability to function as the prime custodial parent. He argues that respondent's mental illness is so serious that its very presence makes the trial court's decision an abuse of discretion. Furthermore, he argues that respondent's "family matrix" is detrimental to the child's health and development and compels this court to reverse the trial court's order.

Given the limited scope of review, we cannot agree with appellant. The trial court heard testimony from numerous lay and expert witnesses. Although the experts were cautious, four of the experts supported a finding that the child's present environment did not endanger her health or development. Dr. Malmquist testified that respondent was no longer seriously mentally ill and that she was competent to parent with her present support system. Dr. Philander testified that respondent no longer had any psychiatric symptoms which would interfere with her ability to competently provide the primary care for her child. Dr. McNaught testified that respondent was fit to parent her child. The county custody evaluation recommended respondent keep custody. Only Dr. Callahan expressed the opinion that respondent was not fit to parent the child. Given the weight of evidence to the contrary, we cannot say the trial court abused its discretion in finding the child's present environment does not endanger her health and development.

Respondent has moved this court to grant her attorney fees incurred in bringing this appeal. Because the father's appeal was motivated by a legitimate concern for the safety of his child and because the father's economic situation is no better than respondent's, we decline to do so.

## DECISION

Because evidence supports a finding that the child's present environment does not endanger her, we affirm.

Affirmed.