In re the Marriage of Barbara B. BROMS, petitioner, Respondent,

v.

Richard A. BROMS, Appellant.

No. C9–83–917.

Supreme Court of Minnesota.

Aug. 24, 1984.

Edward M. Cohen, St. Louis Park, for appellant.

Robert Lewis Barrows, Minneapolis, for respondent.

COYNE, Justice.

Richard Broms appeals from the judgment and decree of the Hennepin County District Court awarding Barbara Broms maintenance of $1,000 per month for ten years. For the reasons set out below we affirm the amount of the maintenance award but reduce its duration from ten years to five years.

Richard and Barbara Broms were married on October 19, 1975. The parties have two daughters, Allison born on January 13, 1978, and Andrea born on July 13, 1979.

Richard, who is 32 years old, holds a bachelor of arts degree in history, and is vice president of Richard Manufacturing Company, a corporation owned by his father. Barbara, who is also 32 years old,

has a bachelor of science degree in family social science, sociology, and social welfare. Although Barbara worked for her father after graduating from college, her employment during the marriage was sporadic and minimal. The trial court found that to pursue a career in social work, Barbara would have to obtain a masters degree. The advanced degree would entail two years of graduate study.

As part of its dissolution decree, the trial court awarded the parties joint legal custody of their daughters. Although actual physical custody of the children was awarded to Barbara, under the elaborate visitation schedule established by the court, the girls will spend an equal amount of time with each parent.

The trial court found that each party had monthly living expenses of $2,500. It determined that Richard's net monthly income was $6,600 in 1981 and $5,000 in 1982. It also found that the $71,000 cash settlement Barbara will receive under the dissolution decree could be invested to provide an annual income of $5,600. Barbara also is a beneficiary of a trust created by her grandfather. In 1981 she received $1,700 from the trust. The court, concluding that Barbara's income would be insufficient to meet her monthly expenses, awarded her $800 per month child support and $1,000 per month maintenance. The court ordered maintenance payments to continue for ten years unless Barbara dies or remarries. Richard was also ordered to provide medical, dental, and life insurance for Barbara and his daughters.

On appeal, Richard challenges both the amount and duration of the court's maintenance award.

Although our standard of review of a trial court's maintenance award is narrow, the award will be reversed if it amounts to an abuse of the court's wide discretion. *Smoot v. Smoot*, 329 N.W.2d 829, 831 (Minn.1983). On review that discretion must be examined in light of Minn. Stat. § 518.552 (1982), which contains a detailed enumeration of the factors to be considered by the trial court when making the award. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982).

The statute provides:

Subdivision 1. In a proceeding for dissolution of marriage * * *, the court may grant a maintenance order for either spouse if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support himself after considering all relevant circumstances through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Subd. 2. The maintenance order shall be in amounts and for periods of time, either temporary or permanent, as the court deems just, without regard to marital misconduct, and after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, and the probability, given the spouse's age and skills, of completing education or training and becoming fully self-supporting;

(c) The standard of living established during the marriage;

(d) The duration of the marriage and, in the case of a homemaker, the length of absence from employment and the extent to which any education, skills, or experience have become outmoded and earning capacity has become permanently diminished;

138

(e) The age, and the physical and emotional condition of the spouse seeking maintenance;

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and

(g) The contribution of each party in the acquisition, preservation, depreciation, or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

Minn.Stat. § 518.552 (1982).

Each case must be decided on its own facts and no single statutory factor for determining the type or amount of maintenance is dispositive. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982).

We affirm the trial court's $1,000 monthly maintenance award. Following the parties' dissolution, Barbara's income will drop to $7,300 per year—$5,600 interest income from investing the cash settlement she will receive and $1,700 income from a family trust. Even with the $800 per month child support award, Barbara will need an additional $13,100 to meet her annual living expenses of $30,000. Barbara lacks sufficient property and is otherwise currently unable to adequately support herself. Richard, on the other hand, has a monthly net income of $5,000 and monthly living expenses of $2,500. The court properly found that he was able to provide maintenance to Barbara. The court's award of $1,000 per month was well within the court's discretion.

Although we affirm the amount of the monthly maintenance award, the 10-year duration of the award has no relationship to either the underlying basis for the award of maintenance or the factors relevant to its duration. The propriety of an award of maintenance to provide for Barbara's reasonable needs while she obtains employment skills and enters the labor market is beyond dispute. *Otis v. Otis*, 299 N.W.2d 114 (Minn.1980). Barbara is a 32-year-old college graduate who is capable of employment. In order to pursue a career in social work, her undergraduate field of study, she must obtain a masters degree which will require two years of graduate study. Although Barbara was granted physical custody of the parties' two young daughters, both are enrolled in school and will be in their father's care half of the time. Hence, although it is fitting that Barbara receive maintenance while she is working on her advanced degree and seeking employment, nothing in the condition or circumstances of the children suggests that it is appropriate for Barbara to delay for an extended period the completion of her education and her entry into the work force. In view of the length of the parties' marriage (about five years), Barbara's relatively young age and generally sound health, and the fact that a minimum of two years of study is required for an advanced degree, we conclude that an award of maintenance for a period of five years affords Barbara ample time to complete her studies and to acquire suitable employment. Under the existing circumstances an award of maintenance for a period longer than five years is an abuse of discretion. Accordingly, we remand to the trial court with directions to reduce the duration of the maintenance award from ten years to five years.

Attorneys' fees are awarded to neither party.

Affirmed in part, reversed in part, and remanded.