**In re the Marriage of IdellAnn LARSON, Petitioner, Appellant,**

v.

**Roger Dale LARSON, Respondent.**

**No. C1–85–1399.**

Court of Appeals of Minnesota.

March 11, 1986.

Harry Eliason, Hibbing, for petitioner, appellant.

Paul F. Wocjiak, Hibbing, for respondent.

Heard, considered and decided by LES-LIE, P.J., and PARKER, and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

IdellAnn Larson appeals from the trial court's judgment dissolving her marriage to Roger Larson, alleging abuse of discretion in the division of property and in reserving the maintenance issue without a current award. Appellant also alleges the trial court erred as a matter of law in ordering respondent to make child support payments directly to appellant, who receives public assistance, rather than to the public assistance agency. We affirm on the issues of the division of property and maintenance and modify on the issue of the appropriate child support payee.

## FACTS

Appellant and respondent were married in December 1974. They have two minor children. In September 1984, appellant petitioned for a dissolution of the marriage. The parties stipulated to custody and support of the children and the division of their real property. Appellant IdellAnn Larson has physical custody of the children and respondent is obligated to pay $426 directly to appellant as child support. Respondent has retained the parties' homestead and was ordered to assume the responsibility for all of the debts incurred by the parties prior to their separation.

Respondent has been the principal wage earner throughout the marriage. For the past two years, he has been employed part-time as a letter carrier. He also earns some money playing in a band. The parties stipulated that respondent's net monthly income is $1420.83. His monthly expenses, including child support, are approximately $1842.

Appellant has worked during some of the eleven years of the marriage. Apart from three months in 1980 when she worked as a retail sales clerk, her employment has been in the nature of self-employment. She tried selling Tupperware and some other products but lost money in those endeavors. She operated her own photography business out of the parties' home for five years; she testified that she never made money in that enterprise either, and she eventually sold most of her photographic equipment because the family needed money. Appellant testified that she would not be able to resume the photography business now because the start-up cost is prohibitive. She is studying full-time towards a degree in mass communications and hopes to eventually obtain employment using her photographic skills and the other skills she develops through her studies. Currently, appellant's only source of income is $524 per month in AFDC benefits.

The trial court did not award any maintenance but reserved jurisdiction over the issue. No evidence was submitted regarding appellant's monthly living expenses, except for her present educational costs. She testified that her cost per quarter for tuition, books, and supplies is $200–$250 and that so far she has received financial aid of $329 per quarter. The amount of aid is dependent on her financial need.

Appellant submitted to the trial court a list of the parties' personal property, with a dollar value given for each item on the list. The list was admitted into evidence without objection. The trial court awarded the personal property to the parties in accordance with the distribution requested by appellant. The value of the personal property awarded appellant totaled $945. The value of the personal property awarded respondent was $10,642.

## ISSUES

1. Did the trial court's property division constitute an abuse of discretion?

2. Did the trial court's reservation of the maintenance determination constitute an abuse of discretion?

3. Did the trial court err as a matter of law by ordering respondent to pay child support directly to appellant?

## ANALYSIS

■ 1. A trial court has broad discretion in the division of property. *Taylor v. Taylor,* 329 N.W.2d 795, 797 (Minn.1983). Even if the trial court's findings are insufficient, its decision will be affirmed "if the record as a whole is reasonably clear, the facts are not seriously disputed, and there is a reasonable basis for the trial court's decisions." *Kreidler v. Kreidler,* 348 N.W.2d 780, 784 (Minn.Ct.App.1984) (citing *Roberson v. Roberson,* 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973)).

Trial courts must make a "just and equitable division of the marital property of the parties." Minn.Stat. § 518.58 (1984). However, the property awards need not be equal. *Kelly v. Kelly,* 348 N.W.2d 397, 400 (Minn.Ct.App.1984). A property award will be affirmed if it has a reasonable and acceptable basis in fact and principle. *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983). The trial court here granted appellant's request for the division of the personal property. Many of the items awarded her were gifts to her or to the children, whereas the items awarded to respondent were primarily his tools, his guitar, and other items that he worked with and cared for.

■ Trial courts are guided by equitable considerations in distributing rights and liabilities. *DeLa Rosa v. DeLa Rosa,* 309 N.W.2d 755, 758 (Minn.1981). This case involves limited amounts of property and a complete absence of liquid assets. Appellant does not ask that she be awarded more of the personal property; she asks for an offsetting cash award. Respondent, however, has a limited income that is already burdened, not only by his assumption of the parties' debts, but also by his child support obligation, which must have priority over other pecuniary demands. The record indicates that respondent has already had difficulties meeting his child support obligation. Under these circumstances, the trial court's assessment is not one we can justifiably put aside on appeal.

■ 2. The trial court has broad discretion in deciding whether to award maintenance. Before this court will find that the trial court abused its discretion, there must be a clearly erroneous conclusion that is against logic and the facts on record. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn. 1984). In making its determination, the trial court must consider statutory factors. *See* Minn.Stat. § 518.552, subd. 2 (1984). However, each case must be determined on its own facts, and no single statutory factor is dispositive. *Broms v. Broms,* 353 N.W.2d 135, 138 (Minn.1984). The basic issue is the financial needs of the spouse receiving maintenance and the ability to meet those needs, balanced against the financial condition of the spouse providing maintenance. *Erlandson v. Erlandson,* 318 N.W.2d 36, 39–40 (Minn.1982).

The trial court did not order maintenance, but reserved jurisdiction over the issue. The court's decision reflects several relevant factors. First, because appellant did not provide any evidence of her monthly living expenses, the trial court lacked sufficient evidence upon which to make an award of maintenance. Second, appellant is now in school and has changing circumstances. She testified that she wants to obtain a bachelor's degree, but that she may only get her associate degree if she is unable to sustain the financial burden of the full four years of school. If she does decide to study for the bachelor's degree, she will have to move to St. Cloud. Her testimony reveals that, while appellant may be able to meet her living expenses at the present time, she may be unable to do so in the future. Thus, the decision to reserve ruling on maintenance is not against reason. Third, the trial court found that appellant is capable of employment. By reserving jurisdiction over the issue of maintenance, the court effectively gives appellant time to investigate employment opportunities. Fourth, the record shows that respondent's monthly expenses exceed his income by more than $400. Given respondent's present financial situation, it is not feasible to burden him with a maintenance obligation at the present time. Yet, by retaining jurisdiction over the matter, the

court will be able to provide appellant with some maintenance if and when respondent's income increases or his expenses decrease. The trial court's determination does not involve any clearly erroneous conclusions that are against logic and the facts on record.

 3. Section 518.551 of the Minnesota Statutes requires:

The court shall direct that all payments ordered for maintenance and support be made to the public agency responsible for child support enforcement so long as the obligee is receiving or has applied for public assistance.

Minn.Stat. § 518.551, subd. 1 (1984). Appellant receives $524 in AFDC benefits each month. The trial court ordered respondent to pay child support directly to appellant rather than to St. Louis County Social Services. This order contravenes the statute and is error. The judgment must be modified to order respondent to make the child support payments to the public agency.

## DECISION

The trial court did not abuse its discretion in its division of property and its reservation of the issue of maintenance. The trial court erred in ordering direct payments of child support. Respondent shall make support payments directly to St. Louis County Social Services in accordance with the applicable statute.

Affirmed as modified.