In re the Marriage of Sharon MAHER, petitioner, Respondent,

v.

George MAHER, Appellant.

No. C3–86–488.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Jeanne E. Kass, Harper & Anderson, Chartered, Cottage Grove, for respondent.

Patrick Hawkins, South St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

The original petition in this dissolution action was filed by respondent Sharon Maher in 1982. A temporary maintenance and support order was entered in April 1982. The parties then resumed living together and no further action was taken until respondent moved in July 1985 to have the April 1982 order declared effective. That motion was granted. A dissolution judgment and decree was entered in January 1986. In February 1986, appellant George Maher was found in contempt of court for failure to comply with the terms of the temporary order and the judgment.

George Maher appeals the dissolution judgment, the order denying his motion for a new trial, and the order finding him in contempt of court.[1] We affirm in part, reverse in part, and remand for further findings.

---

1. Respondent has also challenged several aspects of the property division. Because she has failed to file a notice of review, however, we decline to review those issues. *See* Minn.R.Civ. App.P. 106; *see also Ford v. Chicago, Milwaukee, St. Paul and Pacific Railroad,* 294 N.W.2d 844, 845 (Minn.1980); *Cleys v. Cleys,* 363 N.W.2d 65, 71 n. 1 (Minn.Ct.App.1985).

## FACTS

The parties were married in 1968. They are both 44 years old. Respondent has custody of the parties' ten-year-old child.

Respondent has a high school education. She held various jobs during the marriage, but stopped working outside the home when the parties' child was born. She was employed for several weeks in 1984, but quit because the job was too stressful.

Appellant and his brother are co-owners of a used car business. The main asset of the corporation is its inventory. Respondent presented an expert's valuation of the inventory which assigned retail value to each of the cars held for sale by the corporation.

Appellant testified that several of the vehicles valued by respondent's expert were not owned by the corporation; they were being sold on consignment for Mike Madland. The consignment agreement provided that if appellant or his brother sold a consignment vehicle, the corporation and Madland would split the profit. If Madland sold the vehicle, the corporation would receive $100.

In valuing the business, the trial court noted that there was no evidence of the value of the business as a going concern. Instead, the court found the value of the business was the value of the inventory. The court accepted the expert's valuation of the vehicles, but subtracted the value of the cars owned by Madland and others. A value of $100 for each of the consignment vehicles was included based on their minimum value to the corporation. The trial court found the value of the business was $38,791. After subtracting the corporation's indebtedness and appellant's brother's interest, the court determined that appellant's interest in the corporation was $16,695.50.

The parties owned the property on which the car lot was operated. The property was purchased in 1979 on a contract for deed for $60,000. There are outstanding debts against the property of $6,845 in addition to the balance due on the contract. Respondent presented expert testimony that the value of the property was $115,000. The only evidence of valuation appellant presented was the 1985 tax assessment showing an estimated market value of $30,600. The court found the value of the property was $60,000 less encumbrances or $31,040.

The parties also owned a homestead. An appraiser valued the homestead at $63,000. Appellant testified that the homestead was worth between $69,000 and $75,000. The trial court valued the homestead at $63,000, less an outstanding mortgage of $25,293, for a net value of $37,707.

The court awarded appellant the car lot property and the business. Respondent received the homestead and a $10,028.50 lien on the car lot premises. The court also awarded respondent $4,397.92, which represented unpaid temporary child support and maintenance ($1,672.92), her interest in a 1976 Pontiac ($2,000), and one half of the cash surrender value of appellant's life insurance ($725). In addition, respondent received $500 attorney fees. All of the parties' debts were apportioned to appellant.

Appellant testified that he drew a salary of $12,000 from the corporation. In addition, the corporation leased the car lot from the parties for $800 per month. The rental payments were offset, however, by the $550 contract for deed payments owed on the property, leaving a net of $250.

The trial court found appellant's net monthly income was $1,043. The court applied the child support guidelines to arrive at a support obligation of $260 per month. Appellant was ordered to maintain medical and dental insurance for the child.

Respondent was awarded maintenance of $300 per month for one year, with the question of further maintenance reserved for two years. The court found that respondent should be able to support herself after a period of rehabilitation and adjustment.

Respondent moved to find appellant in contempt for failure to comply with the terms of the temporary order and the judgment. The court found appellant was able

to pay the required amounts and by failing to do so he was in contempt of court. Appellant was also ordered to pay $350 attorney fees to respondent for the contempt motion.

## ISSUES

1. Did the trial court err in determining appellant's child support obligation and requiring him to provide medical and dental insurance for the parties' child?

2. Did the trial court err in valuing and dividing the parties' property?

3. Did the trial court err in awarding respondent arrearages of temporary support and maintenance?

4. Did the trial court abuse its discretion in awarding respondent maintenance?

5. Did the trial court err by finding appellant in contempt of court?

6. Did the trial court abuse its discretion in awarding respondent attorney fees for the dissolution proceeding and the contempt proceeding?

## ANALYSIS

### 1. *Child support*

■ The trial court found appellant's net monthly income of $1,043 by combining his $793 average net monthly income from the car business and the $250 net rental income from the car lot property. Appellant was ordered to pay 25% of his net monthly income, or $260. The court made findings regarding both parents' resources, but no findings regarding the child's needs.

Although there is evidence of record regarding the child's needs, we cannot independently review that evidence to support the trial court's decision. As the supreme court recently stated:

> While the record may support a trial court's decision, it is nevertheless inadequate if that record fails to reveal that

the trial court actually considered the appropriate factors.

*Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986). Thus, although the trial court did a commendable job of making order of this convoluted record, we must remand for findings regarding the child's needs.[2] *See id.; see also Erickson v. Erickson*, 385 N.W.2d 301 (Minn.1986).

■ After reviewing the record, we conclude that the finding of net income is not clearly erroneous. Nor was it an abuse of discretion to order appellant to provide health and dental insurance for the child. However, the cost of insurance should be deducted from appellant's total monthly income in calculating his net monthly income. *See* Minn.Stat. § 518.551, subd. 5 (1984).

### 2. a. *Valuation*

■ A trial court's valuation should be upheld if it falls within the range of credible estimates even though it does not coincide exactly with any one estimate. *Quade v. Quade*, 367 N.W.2d 87, 89 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. July 11, 1985) (citing *Hertz v. Hertz*, 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975)). Valuation is a finding of fact, and will not be disturbed unless clearly erroneous. Minn.R.Civ.P. 52.01.

The trial court here carefully balanced the testimony on the value of the business. The court's valuation falls within the limits of the estimates presented. Moreover, because there was no evidence on the value of the business as a going concern, the only value the court could assign was the value of the inventory. The trial court's finding is not clearly erroneous.

■ Likewise, the valuation of the homestead was within the parties' estimates. The court simply accepted respondent's appraisal. To do so was not clear error.

---

**2.** We reject appellant's argument that the case should be assigned to another judge on remand. Reconsideration of a case on remand is a continuation of the original proceeding and is not an appropriate time for filing an affidavit of prejudice. *McClelland v. Pierce*, 376 N.W.2d 217 (Minn.1985).

#### b. *Property division*

Appellant challenges the amount of the marital lien awarded to respondent, the award of $2,000 representing respondent's interest in the 1979 Pontiac, the division of the cash value of his life insurance policy, and apportionment of all. of the parties' debts to him.

The court is to make a just and equitable division of marital property. Minn.Stat. § 518.58 (1984). The trial court's division will be affirmed "if it has a reasonable and acceptable basis in fact and principle." *Larson v. Larson*, 383 N.W.2d 18, 20 (Minn.Ct.App.1986) (citing *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983)).

■ The trial court made an essentially equal division of the parties' property. Respondent's lien represents the difference in the value of the property awarded to each party. The fact that the Pontiac had been sold before trial is unimportant. Property need not be present at the time of dissolution to be divided. *Rohling v. Rohling*, 379 N.W.2d 519 (Minn.1986). Equal division of the car and the life insurance policy was not an abuse of discretion.

■ We reject appellant's argument that the life insurance policy was in part nonmarital property. All property acquired during the marriage is presumed marital. Minn.Stat. § 518.54, subd. 5 (1984). The party claiming certain property is nonmarital must show by a preponderance of the evidence that the property is nonmarital. *Pearson v. Pearson*, 363 N.W.2d 337, 339 (Minn.Ct.App.1985) (citation omitted). Appellant failed to meet his burden of showing the policy was in part nonmarital. The only evidence regarding the nonmarital nature of the policy is his testimony that he purchased the policy when he was sixteen or seventeen years old. He presented no evidence that would enable the court to determine what portion of the policy's value was nonmarital.

■ The parties' debts are to be treated the same as their assets, i.e., they are to be apportioned equitably. *Dahlberg v. Dahlberg*, 358 N.W.2d 76 (Minn.Ct.App.1984) (citation omitted). Thus, courts are to be guided by principles of fairness and equity. *Id.* The court here considered appellant more able to pay the parties' debts. Unlike respondent, appellant has a steady source of income. Apportionment of the debts to appellant was not an abuse of discretion.

#### 3. *Arrearages*

■ Appellant argues that the trial court erred in awarding respondent $1,672.92 in temporary support and maintenance arrearages. He argues that, in fairness, the arrearages should be forgiven.

Appellant's counsel was aware of the scheduled hearing to declare the 1982 order effective, but did not appear. As a result, a default order was entered. Later, the parties agreed that their income tax refund would be used in part for child support.

The trial court, after deducting the amount of the tax refund allocated to support, determined that appellant owed a total of $832.92 in support and $840 in maintenance. Appellant presented no evidence to show he had paid more than what the trial court found, and the trial court was not convinced that appellant was unable to pay. The award of arrearages was not error.

#### 4. *Maintenance*

■ A court may award maintenance to a party if it finds that party lacks sufficient property to provide for reasonable needs or is unable to provide adequate self-support. Minn.Stat. § 518.552, subd. 1 (Supp.1985). In determining the amount and duration of maintenance, the court must consider the factors set forth in Minn.Stat. § 518.552, subd. 2 (Supp.1985).

The applicable standard of review is whether the trial court abused its discretion. *Krick v. Krick*, 349 N.W.2d 350, 352 (Minn.Ct.App.1984) (citations omitted). Although this court might reach a different conclusion, an award must be affirmed if it has an acceptable basis in fact and principle. *Rohling*, 379 N.W.2d at 524 (citing

*Bollenbach v. Bollenbach,* 285 Minn. 418, 175 N.W.2d 148 (1970)).

The court here specifically found that respondent was in need of temporary financial assistance from appellant during her period of adjustment and rehabilitation. Respondent has been unemployed for much of the marriage. She has only a high school education and no formal job training. The court deemed appellant's income sufficient to provide for his own support and maintenance to respondent. The award of maintenance in this case was not an abuse of discretion.

### 5. *Contempt*

Appellant was held in contempt of court and sentenced to 90 days in jail for willful failure to comply with the terms of the temporary order and the dissolution decree. The order further provided that appellant could secure his immediate release by payment to respondent of $540 in unpaid child support and that he could purge himself of contempt and secure vacation of the remainder of the 90 day sentence upon a scheduled payment of other unpaid amounts. Because the order directed immediate incarceration it is appealable under Minn.R.Civ.App.P. 103.03(e). Appellant argues that the trial court erred in holding him in contempt because he was unable to comply with the orders. The court rejected this argument and found that appellant had a greater ability to comply than he had shown. The finding is not clearly erroneous.

### 6. *Attorney fees*

Attorney fees may be awarded in a dissolution action to enable a party to carry out the action. Minn.Stat. § 518.14 (1984). The court is to consider the financial resources of the parties when making an award. *Id.* An award should be affirmed unless the trial court clearly abused its discretion. *Dahlberg,* 358 N.W.2d at 83 (Minn.Ct.App.1986) (citing *Bogen v. Bogen,* 261 N.W.2d 606, 611 (Minn.1977); *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977)). There was no abuse of discretion here.

### DECISION

The trial court did not err in valuing or dividing the parties' property, awarding maintenance, awarding temporary support and maintenance arrearages, holding appellant in contempt, or awarding attorney fees. The question of child support, however, is remanded for further findings as required by *Moylan.*

Respondent is awarded $400 attorney fees for this appeal.

Affirmed in part, reversed in part and remanded.