**In re the Marriage of: Russell Erven WEIKLE, Petitioner, Respondent,**

v.

**Audrey Virginia WEIKLE, Appellant.**

**No. CX–86–1492.**

Court of Appeals of Minnesota.

April 7, 1987.

Review Denied June 30, 1987.

Alan C. Eidsness, Paul F. Shoemaker, Minneapolis, for respondent.

Louis M. Reidenberg, Deborah N. DeWalt, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal dwells primarily on the trial court's rationale for an unequal division of marital property. We affirm in part, reverse in part and remand.

## FACTS

Audrey and Russell Weikle were married in February 1968. Their marriage lasted 18 years, and was dissolved in January 1986. Four years prior to the dissolution, the parties separated.

During the separation, respondent Russell Weikle remained in the homestead with the couple's two teenage children. Neither party requested or received temporary child support or maintenance during the separation. Audrey Weikle asserted at trial that respondent dissipated marital assets in excess of $30,000 during that time. The trial court found that both parties violated a temporary order by making expenditures from marital assets during the period of separation; in addition, the court concluded

that because respondent had custody of the children and did not receive child support during those four years, he should not be required to reimburse the marital estate.

Appellant Audrey Weikle did not look for work during the period of the parties' separation, but instead relied upon interest, dividends and trust proceeds, and shared living expenses with a roommate. She also claims that she used some of her savings during that time. The trial court found that appellant dissipated marital assets during the separation, but was not required to reimburse the marital estate, since her expenditures did not exceed those of her husband.

Near the end of the separation, in June 1985, the children moved in with appellant, and respondent did not pay temporary child support. The parties stipulated that after the dissolution of the marriage they should have joint legal custody of the children, and that appellant should have primary physical custody.

Appellant attended business school and college and was employed as a secretary for three years before she married respondent. During the marriage, appellant was primarily a housewife, although she was employed for a few months at the beginning of the marriage, and worked in a restaurant part-time for a brief period during the marriage.

Respondent was employed by the State of Minnesota before the parties married, and at the time of trial was still employed by the state as a senior highway technician. The trial court found that he earned a net income of $1,345.92 per month. The court noted that in the past respondent had worked overtime to provide living expenses for himself and the two minor children, who were in his custody, but also found that respondent was 51 years old and did not want to continue to work overtime hours as a regular part of his job. There was testimony at the time of trial that respondent was seeking a position which did not require him to work overtime.

The court found that appellant received income totalling $10,964 in 1982, $12,133 in 1984, and a "similar" income in 1983. Her sources of income include interest and dividends which generate over $900 per month.

Following a two-day trial, on January 24, 1986, the court entered its dissolution judgment, dividing nonmarital and marital property, awarding child support in the amount of $403 per month, and denying maintenance.

Regarding maintenance, the trial court found:

[Appellant] is an intelligent and personable individual who has the capabilities and capacities to be gainfully employed and to be able to fully support herself. * * * She has ample financial resources both marital and non-marital and does not require any spousal maintenance from [respondent].

[Appellant] is in good health and her health condition has no impact on her ability to be gainfully employed.

The court found that respondent should pay the Child Support Guidelines amount of $403 per month child support, calculated under statutory support guidelines, and based upon a net monthly income of $1,345.92. The court did not consider respondent's past overtime wages when determining his income for child support purposes, reasoning that the obligor was 51 years old and did not want to continue working overtime. The court apparently felt that respondent's plan to discontinue his overtime work was reasonable under the circumstances.

The trial court acknowledged that it chose to make an unequal distribution of marital property, determining that this division was just and equitable. The judgment on marital property provided as follows:

a) Of $41,039 in miscellaneous assets, respondent was awarded $37,658, while appellant was awarded $3381;

b) Of $12,000 in household goods and personal property, respondent was awarded $10,000 and appellant was awarded $2000;

c) The court determined that before the proceeds from the sale of the couple's home were distributed, respondent should first recover the principal pay-

ments which he had made on the mortgage during the period of separation.[1]

d) The trial court granted respondent 100 percent of his pension accumulation attributable to the period of the four-year separation.

In sum, respondent received items valued at $47,658 and appellant received items valued at $5381. Respondent also received awards of unknown value in regard to mortgage payments and pension value.

In addition, each spouse was awarded an equal share in the remaining net interest in the home and in special valuable gifts, involving total marital property in an amount of $110,000. Taking this division into account, appellant's total property award was approximately 35 percent of the marital property.

On February 7, 1986, appellant received notice of the trial court's original judgment of dissolution. She thereafter moved the court for amended findings of fact regarding the issues of property distribution, child support and maintenance. Her motion, designated as a motion for amended findings or a new trial, was heard on March 20. On July 30, the trial court amended the original judgment by adding a new conclusion regarding sale of the homestead, and a new finding explaining its property division. The court declined to amend the provisions regarding child support and maintenance.

This appeal is from the amended judgment and decree filed on August 29, 1986, challenging the court's property division, calculation of child support, and denial of spousal maintenance.

## ISSUES

1. Are all issues raised by appellant properly before this court?

2. Did the trial court base its division of marital property upon improper considerations?

3. Is appellant entitled to spousal maintenance?

4. Did the trial court err in determining the amount of child support to be paid?

## ANALYSIS

### 1. Appealability

Appellant received notice of the original judgment on February 7, 1986; thus her time to appeal from that judgment expired 90 days later on May 7, 1986. Minn.R.Civ. App.P. 104.01. The trial court did not stay the original judgment; nevertheless, another three months passed before the court entered its amended judgment on August 29, 1986. Consequently, by the time the amended judgment was entered, the time to appeal from the original judgment had expired. Appellant filed the present timely appeal from the amended judgment and decree and did not attempt to appeal also from the original judgment.

Appellant's post-trial motion combined a request for amended findings and a request for a new trial. Her moving papers set forth specific requests for amended findings, challenging in each instance whether the court's findings were supported by the evidence and whether the conclusions were contrary to law.

█ The refusal to amend a judgment on a Rule 52.02 motion normally does not permit an appeal. *Dennis Frandsen & Co., Inc. v. Kanabec County*, 306 N.W.2d 566 (Minn.1981); *Swartwoudt v. Swartwoudt*, 349 N.W.2d 600 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Sept. 12, 1984). Unless the same issues are before us on a motion for new trial, they would not be appealable.

---

**1.** The trial court also awarded respondent his expenses incurred in preparing the home for sale, including $2378 spent before the judgment of dissolution was entered. While funds used to pay these expenses must be presumed to be marital property, appellant does not challenge that determination on appeal. The trial court also chose not to require respondent to account for any marital funds dissipated during the marital separation period. Appellant asserted at trial that respondent had dissipated $31,435, but does not question the decision of the trial court on appeal.

We have encouraged the exhaustion of trial court remedies before an appeal is taken from a judgment of dissolution, *Barrett v. Barrett*, 394 N.W.2d 274, 277 (Minn. Ct.App.1986), and we appreciate the dilemma this creates for counsel who find it impossible to obtain a stay of entry of an original judgment in order to proceed with a motion for amended findings and conclusions.

■ A motion for new trial setting forth specific grounds may form a proper basis for appeal. *Hemingway v. Hemingway*, 383 N.W.2d 697, 703 (Minn.Ct.App.1986). Minn.R.Civ.P. 59.01(7) permits a new trial motion based upon a claim that findings are not justified by the evidence or conclusions are contrary to the law. Where a family law post-trial motion is appropriately designated as a combined motion for amended findings or a new trial, and where it is evident that requested changes in the court's order are based on a claim that findings are not justified by the evidence or conclusions are contrary to the law, we will not restrictively read the motion to depict it solely as a motion for amended findings and conclusions. Rather, in these circumstances, we will look upon the denial of the motion as an appealable order. Our decision is shaped by the same reason recognized in *Krug v. Independent School District No. 16*, 293 N.W.2d 26 (Minn.1980):

> [I]t would seem unjust to dismiss [Krug's] appeal when the record indicates that all her actions were taken promptly and with the intent of creating a complete record for appellate review.

*Id.* at 29.

### 2. Merits of Property Distribution

■ In cases involving dissolution of a long-term marriage, an equal division of property is appropriate. *See, e.g., Miller v. Miller*, 352 N.W.2d 738, 742 (Minn.1984); *Jungbauer v. Jungbauer*, 391 N.W.2d 56, 58 (Minn.Ct.App.1986); *Quick v. Quick*, 381 N.W.2d 5, 7–8 (Minn.Ct.App.1986); *Rudbeck v. Rudbeck*, 365 N.W.2d 330, 334 (Minn.Ct.App.1985). When dividing the parties' property, a court "shall * * * consider the contribution of each [party] in the acquisition, [and] preservation * * * in the amount or value of the marital property." Minn.Stat. § 518.58 (1986). It must be "conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife." *Id.*

A trial court has broad discretion when dividing property, and the appellate courts should not overrule a property distribution if it has a reasonable and acceptable basis in fact and principle. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983). We will uphold a property distribution which is equitable, although not necessarily equal. *See, e.g., Larson v. Larson*, 383 N.W.2d 18, 20 (Minn.Ct.App.1986).

■ Notwithstanding the limited standard of review, it is our conviction that the division cannot stand because, as the trial court acknowledged, there is a substantial inequality in the division of the parties' marital property, and because we find error in the reasons stated by the trial court to justify that inequality.

The court offered four reasons for the unequal property division. We consider each reason separately:

a) Respondent contributed to the maintenance and operation of the couple's property during the separation by making the principal payments on the home mortgage and by investing $6557 (after reduction for tax benefits) to maintain marital property in Florida.

Appellant argues that respondent dissipated marital property during that same time in amounts at least as great as the investments noted by the trial court. There is nothing in the record to refute her argument. The trial court permitted respondent to dissipate marital funds without any accounting, and there is no merit in enlarging upon that benefit by awarding respondent marital property to replace what he expended.

b) Respondent is obligated to pay for future child support.

Appellant observes that the statute governing the division of marital property was amended in 1982 to eliminate child support as a factor to be considered. *See* 1982 Minn.Laws ch. 464, § 2. Nevertheless, we do not view that argument as conclusive against the relevance of child support payments to some divisions of property. The payment of future support has been considered in prior cases. *See, e.g., Larson,* 383 N.W.2d at 20. Nevertheless, child support obligations have only been considered when related to the obligor's ability to make an offsetting cash award; thus these cases do not provide precedent for decreasing the custodial parent's property division by the amount of child support.

In addition, it is significant that the court cited respondent's child support obligation as offsetting his higher property distribution, even though in the same case the court denied any maintenance award, despite an 18–year marriage.

c) Appellant did not pay support during the four year separation period.

This factor was also cited by the trial court in support of its decision to overlook respondent's dissipation of marital assets. It is an unconvincing basis for still another inequality in favor of respondent. We note and find it significant that Russell never demanded child support during the period the parties separated, until the time of trial, when he demanded a credit of $12,000 based upon the amount of support costs. While the trial court, on the surface, rejected this request, its findings disclose that twice it in fact gave respondent credit for temporary support costs during the period of the separation.

d) Nonmarital property.

The trial court found that appellant had nonmarital assets valued slightly over $100,000, while respondent's nonmarital assets were valued at approximately one-half that amount. Appellant argues that an equal division of all of the parties' property, including the total amount of marital and nonmarital property, is tantamount to an award of nonmarital property to respondent without a finding of undue hardship. This is true. While in *Rosenberg v. Rosen-*

*berg,* 379 N.W.2d 580 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Feb. 19, 1986), we approved using combined property when specifically based upon undue hardship, in *Kaste v. Kaste,* 356 N.W.2d 64 (Minn.Ct.App.1984) we reversed where the question of undue hardship was evidently considered but no finding of hardship was made.

We note also that the existence of appellant's greater share of nonmarital property was a factor already relied upon by the trial court to deny maintenance, despite respondent's superior earning ability.

In sum, we find the rationale of the trial court to be largely inappropriate, and we are convinced that there is an inadequate basis for the unequal property division made by the court.

3. Maintenance

 The trial court has broad discretion when determining whether to award spousal maintenance. *Larson,* 383 N.W.2d at 20–21. This court will find an abuse of that discretion only where there has been a "clearly erroneous conclusion that is against logic and the facts on record." *Id.* at 20. The decision whether to award maintenance must be guided by consideration of the factors outlined in Minn.Stat. § 518.552 (1986). No single factor is dispositive; the facts of each case must determine whether maintenance is appropriate. *Id.*

The evidence in the present case indicates that appellant has been without income for a long period of time and has a low earning ability. She claims her needs exceed that ability, but she does have considerable resources which bear upon the maintenance question. On the other hand, respondent's income after paying child support has not been shown to exceed his own needs.

 The trial court found that appellant is available to work, and there was no testimony offered to contradict this finding. Specifically, appellant did not describe any plans for future education. The denial of her request for maintenance was within the trial court's discretion.

#### 4. Child Support

Appellant claims that respondent earns a net monthly income of $1900 per month, and that the children's interests require payment of more than the $403 per month in child support awarded by the court. Appellant also claims that her earnings are inadequate to meet the children's needs combined with her own.

██ The trial court awarded the guidelines amount of $403 per month based on a finding that respondent's net monthly earnings, excluding overtime pay, totalled $1,345.92. There is evidence in the record to support this finding on income for guidelines purposes, and we conclude that it is not clearly erroneous. *See* Minn.R.Civ.P. 52.01. In so doing, we also defer to the trial court's broad discretion with respect to matters involving child support. *See Justis v. Justis*, 384 N.W.2d 885, 890 (Minn. Ct.App.1986), *pet. for rev. denied,* (Minn. May 29, 1986).

#### 5. Other Claims

Appellant also asserts that the trial court erred in overstating nonmarital property by more than $18,000. She also claims that the court erred by awarding respondent one-half of certain valuable personal property which she claims is her nonmarital property. We have examined the record and conclude that there is sufficient evidence to sustain the trial court on these issues.

#### DECISION

The trial court properly resolved the issues of child support and spousal maintenance, but based its unequal division of marital property upon improper considerations. We therefore affirm in part, but reverse and remand for a redistribution of marital property.

Affirmed in part, reversed in part and remanded.