**In re the Marriage of Thomas C. ROEL, Petitioner, Respondent,**

v.

**Mary Ann ROEL, Appellant.**

**No. C5–86–1934.**

Court of Appeals of Minnesota.

June 9, 1987.

Mark A. Fraase, Wegner, Fraase, Nordeng, & Johnson, Fargo, N.D., Herman F. Wegner, Moorhead, for respondent.

Maureen Holman, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, N.D., for appellant.

Heard considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Mary Ann Roel appeals from a judgment of dissolution, claiming the trial court abused its discretion by refusing to award her permanent spousal maintenance and failing to apportion certain proceeds Tom Roel received under a contract for deed. Tom Roel claims the trial court erred in treating the contract proceeds as marital property. We affirm.

## FACTS

Thomas and Mary Ann Roel married in 1956 and dissolved their marriage in 1986. The Roels, both 49 at the time of trial, have three adult children. Neither party held a permanent, full time job at the time of dissolution.

Respondent is a high school graduate who has worked as a construction laborer at lumber yards and as an estimator for general contractors. In 1973, he started Thomas A. Roel and Associates, a construction and remodeling business dealing primarily with residential homes. Business went well until 1979, when the housing market fell dramatically. He gradually phased out of the business after that time. At the peak of his business, respondent

earned as much as $70,000 annually, but he has not drawn a salary from the business since 1979.

As his construction income dwindled, respondent invested in a golf course with his brother. He presently draws an annual salary of $3800 plus expenses for managing the course and earns an additional $4 per hour working on and around the course. His total 1985 income from the golf course was $4572 and his 1985 profit from the investment exceeded $10,000.

Respondent also receives income in the form of contract for deed payments arising from the sale of his family farm. In 1962, respondent's mother, Florence Roel, gave a remainder interest in the farm in equal shares to her three children, retaining the life estate for herself. In 1980, she conveyed her life estate to the children for $118,800. Four days later, the children executed a warranty deed conveying the property to Fargo National Bank as trustee. The Bank then sold the land under a contract for deed for $440,000.

The annual contract payments are first applied to the amounts owed to Florence Roel; the remaining proceeds are distributed between respondent and his brother and sister. Until December 1985, respondent commingled the proceeds he received under the contract with other income and paid for family expenses and investments. On his attorney's advice, he deposited the 1985 payment in a separate bank account.

Respondent has a heart condition and is unable to do any strenuous physical work or stressful non-physical work. He has applied for different jobs as a consultant in the building and trade industry, but without success. He had one offer but turned it down for health reasons because of the extensive traveling involved.

Appellant spent most of her time during the marriage raising the couple's three children and has never held a permanent, full time job. While her husband's construction business proliferated, she worked part time for the company as an interior decorator. She does not have a degree in interior decorating. After the business folded, she obtained part time work at the Census Bureau and part time work at a grocery store doing inventory. She earned $2600 from the grocery store in 1983, but was later forced to quit because of arthritis in her hands.

Appellant paints and teaches art in her spare time. She has sold a number of paintings, but does not earn enough income to support herself. She earns $150 to $300 per year teaching. Like her husband, appellant has a history of health problems and is under doctor's care with respiratory difficulty, arthritis, tinnitus (ringing in her ear), and a hand injury which restricts use of her left hand.

In the September 1986 dissolution order, the trial court found appellant would suffer hardship upon the equal division of marital property. The court divided the parties' property pursuant to their stipulation, but also determined that a certain percentage of the contract for deed payments was marital property subject to apportionment. The court also awarded appellant 40% of respondent's nonmarital property. Neither party was awarded spousal maintenance. Because respondent segregated the 1985 contract for deed payment, the court deemed it was nonmarital property not subject to apportionment.

## ISSUES

1. Did the trial court abuse its discretion by awarding appellant nonmarital property rather than permanent maintenance?

2. Did the trial court err in its determination of the marital percentage of the contract for deed proceeds?

## ANALYSIS

### I

*Maintenance and Property Settlement*

The trial court did not award permanent spousal maintenance to appellant. A court has wide discretion in deciding to award maintenance and its determination will not be reversed unless it is found to have abused its discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982).

Minn.Stat. § 518.552 (1986) sets out the relevant factors for the court to consider in making an award, and no single factor is dispositive. *Broms v. Broms*, 353 N.W.2d 135, 137–38 (Minn.1984).

■ The record shows the trial court properly considered relevant statutory factors in deciding maintenance should not be awarded in this case. At the time of the hearing, neither party was gainfully employed. Both have had significant health problems which restrict their ability to find work. Because respondent's income is derived primarily from his assets, and because he does not earn sufficient income to support an award of permanent maintenance, we find the trial court acted within its discretion by denying appellant permanent maintenance, but bolstering her assets by awarding her a share of respondent's nonmarital estate.

■ A court may award nonmarital property to a party in a dissolution action if the court finds that party will suffer unfair hardship upon an equal division of the marital property. Minn.Stat. § 518.58 (1986). When determining whether a party will suffer unfair hardship, the court must consider the relevant statutory factors, including "the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, and opportunity for future acquisition of capital assets and income of each party." *Id.*

■ The court found appellant would suffer hardship upon an equal division of marital property. There is adequate support in the record for this finding. Appellant spent most of the thirty year marriage raising the parties' three children. Appellant lacks significant employment experience to enable her to become self sufficient, and she has health problems which restrict her employability. Although she has interior design experience, she lacks the credentials necessary for competing in the job market with degreed candidates. The evidence justifies the trial court's finding of unfair hardship, and we believe the court acted within its discretion in apportioning to her part of respondent's nonmarital property. *Kottke v. Kottke*, 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984).

## II

### *Nonmarital and Marital*

■ Part of the proceeds respondent receives under the contract for deed were deemed marital property. Although a trial court has broad discretion with respect to the division of property, *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984), and its decision will be overturned only upon an abuse of discretion, *Bogen v. Bogen*, 261 N.W.2d 606, 609 (Minn.1977), the characterization of a type of property as marital or nonmarital is a question of law upon which an appellate court may exercise independent judgment. *Campion v. Campion*, 385 N.W.2d 1, 4 (Minn.Ct.App.1986).

■ Property acquired during the existence of a marriage is presumed to be marital. Minn.Stat. § 518.54, subd. 5 (1986). The contract proceeds respondent receives are in exchange for sale of the entire fee interest in the land. Of the fee interest sold, part was made up of the Roel children's gifted remainder interest, the other part represents the possessory life estate interest purchased from their mother. Respondent acquired his share of the life estate during his marriage, and he commingled the proceeds with marital property. We find the trial court correctly concluded part of the contract proceeds could be apportioned as marital property.

Respondent claims the trial court erred in calculating what percentage of the proceeds should be deemed marital. At the dissolution hearing, appellant presented expert testimony that respondent and his siblings purchased their mother's life estate interest for substantially less than its fair market value according to IRS valuations. The court treated the difference in price as marital gain, and divided that amount into the total contract proceeds to arrive at the marital percentage.

■ Although there is support for respondent's contention that the difference between the discounted price the children paid for the life estate and its fair market value should have been treated as a gift, *see* Internal Revenue Service Reg. § 25.-2512–8, respondent failed to present any evidence that the amount paid for his mother's life estate interest is traceable to nonmarital property. *See Pearson v. Pearson,* 363 N.W.2d 337, 339 (Minn.Ct.App.1985). Substituting the amount paid for Florence Roel's life estate interest into the court's formula, the difference in the marital portion of the contract proceeds is a little over $1000. Given this minimal discrepancy in an area of law committed to the trial court's discretion, we are not persuaded the result constitutes reversible error. *Schmitz v. Schmitz,* 309 N.W.2d 748, 750 (Minn.1981).

Appellant claims the trial court abused its discretion by refusing to award her any part of the contract proceeds respondent received in 1985. Although respondent commingled most of the contract proceeds with marital funds, he specifically segregated the 1985 contract payment from his other income and treated it as nonmarital property. The trial court failed to provide for these funds in its original decree and awarded all the 1985 proceeds to respondent in an amended decree.

■ We find this division was not an abuse of discretion. The court awarded appellant a 40% share of the contract proceeds received on and after December 1986; the 1985 proceeds were not part of that original award. The trial court's division has an acceptable basis in fact and principle and we affirm the result. *Bollenbach v. Bollenbach,* 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970).

### DECISION

Taking into account the limited ability of either party to work, the trial court was fair in apportioning assets but not granting maintenance to either party. The trial court fairly apportioned respondent's contract for deed payments.

Affirmed.

LANSING, J., concurs in part, dissents in part.

LANSING, Judge (concurring in part, dissenting in part).

I concur in the majority's holding that the trial court properly awarded Mary Ann Roel a portion of Tom Roel's non-marital property because, without that property, she would suffer unfair hardship. I cannot, however, agree that any part of the contract-for-deed payments that Tom Roel receives from the sale of his parents' property is marital.

Tom Roel's interest in this property arose from two transactions: a gift from his mother to each of her three children individually, and a later sale to them of her life estate interest. The gift is indisputably nonmarital property. The life estate interest was acquired by Tom Roel and his siblings in exchange for their promise to pay a fixed sum. No money was exchanged when the life estate was conveyed. The children sold the land in fee four days later and structured the transaction to satisfy the debt to their mother. The contract payments are applied first to the amounts owed to Florence Roel; the remaining proceeds are distributed among the three children. Although the amount received by Tom Roel may be a blend of gift, gain and purchase, the money is clearly traceable to nonmarital assets.

Tracing an asset to a nonmarital source is required in Minnesota when the owner shows by a preponderance of the evidence that the asset was "acquired in exchange for" nonmarital property. *Kottke v. Kottke,* 353 N.W.2d 633, 636 (Minn.Ct.App. 1984), *pet. for rev. denied,* (Minn. Dec. 20, 1984). The record is clear that Tom Roel exchanged his nonmarital interest in the family farmland for the contract-for-deed payments. The record cannot support a determination that any part of the payments are marital.

**624**

Proper classification of this nonmarital income would result in a decrease of Mary Ann Roel's available resources. For that reason, I would remand to the trial court to correct the marital-nonmarital classification of the contract-for-deed payments, redetermine what share of the nonmarital assets should be allocated to Mary Ann Roel, and to consider a reservation for future spousal maintenance.

Mary Ann Roel has significant health problems and a limited work history, which may prevent her from obtaining gainful employment. Tom Roel also has had health problems and his income is presently insufficient to warrant a maintenance award. However, he has a substantial employment history and prospects of future employment. Reserving the issue of maintenance would be appropriate. *See Larson v. Larson*, 383 N.W.2d 18, 20–21 (Minn.Ct. App.1986).